E-FILED
Thursday, 30 September, 2010  10:16:05 AM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| Kimberly Rothunde, ) | |
| Plaintiff, ) | |
| v. ) | No. 10-CV-1194 |
| Mary Sigler et al., ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

Plaintiff pursues claims arising from an attack by her cellmate when Plaintiff was incarcerated in Dwight Correctional Center.  Defendants move under Fed. R. Civ. P. 12(b)(6) to dismiss Counts II and III, as well as Defendant Christopher Wolf.  Plaintiff concedes that Count II and Defendant Christopher Wolf should be dismissed.  That leaves only Count III in contention.  For the reasons below, the Court recommends that Count III—the equal protection claim—remain in for further development.

## Analysis

To state a claim under federal notice pleading standards, the Complaint must set forth a "short and plain statement of the claim showing

that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and must give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776-77 (7th Cir. 2007), *quoting* Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007)(other citation omitted). The "' . . . allegations, [must] show that it is plausible, rather than merely speculative, that [the plaintiff] is entitled to relief.'" Tamayo v. Blagojevich, 526 F.3d 1074, 1083 (7th Cir. 2008)(quoted and other citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009), *citing* Twombly, 127 S.Ct. 1955.

## Allegations

Plaintiff was incarcerated in the Kankakee Minimum Security Unit in 2005. She was assigned to work release at the Fox Valley Transition Center in 2007, where she reported to IDOC officials that guards at the Kankakee Unit had "engaged in egregious misconduct, including having

sex with inmates, trafficking in cocaine and heroin, and using drugs." (Complaint, ¶ 29). An investigation was launched, which resulted in at least one guard's termination and the discipline of other guards.

In February, 2008, Plaintiff began serving a sentence at Dwight Correctional Center. She discovered that Defendant Campbell, one of the officers who had worked at the Kankakee Unit when she was there, was now working at Dwight. Campbell first saw Plaintiff on August 15, 2008, when Plaintiff was transferred to segregation. Campbell told her, "'you're the one who got the investigation started at Kankakee.'" (Complaint, ¶ 34).

On October 5, 2008, a convicted murderer—Catherine Calhoun—was put in Plaintiff's cell by Defendant Whitecotton. Calhoun had a history of attacking her cellmates, and all the defendants knew of Calhoun's violent nature and history. Plaintiff begged Defendant Whitecotton to move her because she feared for her life, but Whitecotton refused. Inmate Calhoun made repeated threats of death or substantial bodily harm to Plaintiff. On October 8 and 10, 2008, Plaintiff filed grievances seeking protection from Calhoun, to no avail. On October 15, 2008, Calhoun attacked Plaintiff, breaking her nose and causing other substantial pain and injury.

On October 2, 2009, Plaintiff filed this lawsuit in the Northern District of Illinois. The case was transferred to the Central District in June, 2010.

**Analysis**

Defendants move to dismiss two of the twelve counts in the Complaint: Count II (due process) and Count III (equal protection). Defendants also move to dismiss Defendant Christopher Wolf because he was incorrectly served as a defendant.[1] Plaintiff concedes that Count II and Defendant Christopher Wolf should be dismissed. (d/e 66, p. 5). The Court therefore addresses only Count III, the equal protection claim.

Plaintiff's equal protection claim is based on Defendants' placing and keeping Plaintiff at serious risk of substantial harm from inmate Calhoun, in retaliation for Plaintiff's whistle blowing. Count III asserts that, "[b]ecause Defendants, under the color of law, engaged in the above misconduct in an attempt to retaliate against [Plaintiff] for reasons unrelated to any legitimate state objective, this conduct constituted a violation of [Plaintiff's] equal protection rights . . . ." (Complaint, ¶ 89).

Plaintiff clarifies in her response that she pursues a "class-of-one" equal protection claim, which does not require her to plead that she is a

---

[1] The Complaint used only the last name Wolf, which caused two officers with the last name of Wolf to be served: Kendra Wolf and Christopher Wolf.

member of a particular class.  (d/e 66, p.3).  *See* Willowbrook v. Olech, 120 S.Ct. 1073 (2000); Abcarian v. McDonald, — F.3d —, 2010 WL 3189153 *6 (7th Cir. 2010)("A class-of-one claim need not allege discrimination based on a suspect classification, but must allege that the plaintiff was singled out arbitrarily, without rational basis, for unfair treatment.").  "[T]o succeed under such a theory, the [plaintiff] must show that [she was] (1) 'intentionally treated differently from others similarly situated and there is no rational basis for the difference in treatment'; or (2) 'that the government is treating unequally those individuals who are prima facie identical in all relevant respects, and that the cause of the differential treatment is a "totally illegitimate animus toward the plaintiff . . . ."'" Nevel v. Village of Schaumburg, 297 F.3d 673, 681 (7th Cir. 2002)(citations omitted).[2]  "Similarly situated" means "'identical [to the plaintiff] in all relevant respects.'" Sellars v. City of Gary, 453 F.3d 848, 850  (7th Cir. 2006)(quoted cite omitted).

---

[2]The Seventh Circuit has described its own precedent as "divergent" regarding whether alleged illegitimate animus is required in addition to, or instead of, alleging the absence of a rational basis.  Srail v. Village of Lisle 588 F.3d 940, 944 (7th Cir. 2009); *see also* McDonald v. Village of Winnetka, 371 F.3d 992 n.3 (wondering how a pure "no rational basis" class-of-one claim would be viable).  The divergence is not relevant for purposes of this recommendation.  In any event, illegitimate animus is adequately alleged.

Defendants do not address the class-of-one theory, though they do point out that the theory is "a rewording of [Plaintiff's] First and Eighth Amendment claims." (d/e 63, p. 3). A plaintiff may pursue different legal theories of relief based on the same set of facts, however.

At this point, the Court believes that the equal protection claim should remain in for further development. While Plaintiff does not specifically allege that she was similarly situated to other inmates, the Court believes that an inference fairly arises that she was, out of "totally illegitimate animus," treated differently than other similarly situated inmates in Dwight Correctional Center who asked for protection from their cellmates. Plaintiff may have an uphill battle in identifying sufficiently similar inmates, but that is a question for summary judgment.

WHEREFORE, the Court RECOMMENDS that Defendant's Motion to Dismiss be granted in part and denied in part (d/e 62). The Court recommends that Count II (the due process claim) be dismissed. The Court further recommends that Defendant Christopher Wolf be dismissed, and that the docket be clarified to show that Defendant Wolf is Kendra Wolf. The Court otherwise recommends that the motion be denied.

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after ECF service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to timely object will constitute a waiver of objections on appeal. Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See also Local Rule 72.2.

ENTER: September 30, 2010

*s/ Byron G. Cudmore*
_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE