**E-FILED**
Tuesday, 07 December, 2010 02:12:15 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KIMBERLY ROTHUNDE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-01194 |
| | ) | |
| MARY SIGLER ET AL. | ) | |
| | ) | |
| Defendants. | ) | |

### O R D E R

On November 16, 2010, a Report & Recommendation [#72] was filed by Magistrate Judge Byron G. Cudmore in the above captioned case recommending that two defendants be dismissed from the case for want of prosecution. Plaintiff filed a timely response to the Report & Recommendation in the form of a Motion to Reconsider [#75], and this Order follows.

### BACKGROUND

The relevant procedural history is sufficiently set forth in the comprehensive Report & Recommendation of the Magistrate Judge. Suffice it to say that Plaintiff has brought this litigation alleging that Defendants intentionally endangered Plaintiff by putting a known violent criminal in her cell, deliberately ignored her reports of threats from her cellmate, and denied her requests for medical attention following an attack from her cellmate. Plaintiff commenced the present litigation by filing a Complaint [#1] on October 2, 2009.

The Court instructed Plaintiff to properly serve Defendants Corrections Officer Lafayette, Major Holtz, and Katherine Calhoun by November 15, 2010. On November 15, 2010, the Court had

not received any documentation involving the service of Defendants Corrections Officer Lafayette and Major Holtz. Thus, the Court issued a Report & Recommendation [#72] on November 16, 2010, recommending that Defendants Corrections Officer Lafayette and Major Holtz be dismissed for want of prosecution. Plaintiff filed a timely Motion to Reconsider [#75] on December 3, 2010.

**STANDARD OF REVIEW**

A district court reviews de novo any portion of a magistrate judge's report and recommendation to which written objections have been made. See Fed. R. Civ. P. 72(b). "The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Id.

**ANALYSIS**

The Court concurs with the recommendation that Plaintiff's failure to properly serve Defendant Major Holtz should result in Defendant Holtz's termination from this case for want of prosecution under Federal Rule of Civil Procedure 4(m). As Plaintiff's Motion to Reconsider does not discuss Defendant Major Holtz, the Court finds that she waives any such objection. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Lockert v. Faulkner, 843 F.2d 1015 (7th Cir. 1988); and Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986).

Plaintiff's Motion to Reconsider does claim that she properly served Defendant Corrections Officer Lafayette. In the Motion to Reconsider, Plaintiff states that Defendant Lafayette waived service on November 14, 2010. Neither Plaintiff nor this Court received any indication of this waiver until after Judge Cudmore's Report & Recommendation was entered on November 16, 2010. On November 16, Defendant Lafayette's waiver was entered [#73]. As Defendant Lafayette was properly served by November 15, 2010, as requested by this Court, Plaintiff's claims against this Defendant may proceed and should not be dismissed for want of prosecution.

## CONCLUSION

Accordingly, the Court now adopts the Report & Recommendation [#72] of the Magistrate Judge in part. Defendant's Motion to Reconsider [#75] is GRANTED. Defendant Major Holtz is terminated as a party for want of prosecution. This matter is referred to the Magistrate Judge for further proceedings.

ENTERED this  7th  day of December, 2010.

      /s Michael M. Mihm
      Michael M. Mihm
      United States District Judge